UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.  3:04CV-P553-H

WALKER W. ISON III                                                                 PLAINTIFF

v.

CITY OF LOUISVILLE                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

The plaintiff, Walker W. Ison III, filed this civil action along with a non-prisoner application to proceed without prepayment of filing fees.  Because he makes the requisite showing under 28 U.S.C. § 1915(a), his application (DN 2) is **GRANTED**.   His complaint is before the court for review under 28 U.S.C. § 1915 and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).   For the reasons set forth below, the court will dismiss the action.

## I.  SUMMARY OF CLAIMS

Though he sues the City of Louisville, the plaintiff essentially seeks hold the citizens of Louisville liable for discriminating against him "because [he doesn't] have a bad attitude, [is] heterosexual, and because [he is] a black man."  (DN 1, Compl., p. 1).   As to his statement of claim, he complains that residents are racists and harass him, and he accuses them of using "some sort of witchcraft on" him.  *Id.* at 2.  He seeks money damages so that he can relocate to another city.

## II.  ANALYSIS

The plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure because he does not set forth the basis of this court's subject matter jurisdiction over his complaint and he failed to provide a plain statement that shows he is entitled to the relief he seeks.  Moreover, he has presented the court with a legally frivolous claim as it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198

(6th Cir. 1990).  Claims that lack an arguable or rational basis in law include claims that describe fantastic or delusional scenarios such as one claiming that Robin Hood or a genie deprived the plaintiff of his constitutional rights.  *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.  Frivolous claims also include those which are "'highly unlikely to be true'" or "'stand genuinely outside the common experience of humankind.'" *Dekoven v. Bell*, 1140 F.Supp.2d 748, 762 (E.D. Mich. 2001) (quoting *Robinson v. Love*, 155 F.R.D. 535, (E.D. Pa. 1994)).  Dismissal under §1915(e) is also appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Neitzke*, 490 U.S. at 327.  In *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), the Supreme Court held that the "clearly baseless" category includes factual allegations which describe "fanciful," "fantastic," or "delusional" scenarios.

Putting aside for the moment that the plaintiff failed to establish the basis of this court's jurisdiction over his action, the court concludes that he presents the court with claims that are clearly baseless and lack an arguable or rational basis in law.  He charges the entire community with racism, accuses them of practicing witchcraft on him, and he seeks to hold Louisville accountable for this behavior.  The court concludes that such is the type of claim that the Supreme Court has deemed frivolous.  In dismissing his case, the court does not question the genuineness of the plaintiff's belief.  Rather, it is constrained by the law, which mandates dismissal under §1915(e).  Accordingly, by separate order the court will dismiss the action.

Date:

cc:     Plaintiff *pro se*
        4412.002